## Refund of Malt Liquor Tax

Scott, Deputy Attorney General, May 12, 1934.—We have your request to be advised concerning the granting of stamp or crown refunds as provided by section 10 of the Malt Liquor Tax Law, as amended, under various situations hereinafter set forth. All of these situations deal with various methods by which malt liquors are shipped or transported to persons in other States; and they will be individually stated and discussed after we have briefly examined the provisions of the section in question.

Section 10 of the Act of May 5, 1933, P. L. 284, as amended by the Act of December 5, 1933, P. L. 50, known as the Malt Liquor Tax Law, provides as follows (Words in brackets were stricken out and words in italics were added by the amendment) :

"In case any [beverages] *malt liquors* upon which stamps or crowns have been placed by [manufacturers or distributors] *a manufacturer or distributor* have been sold and shipped *by him* to a *licensed or* regular dealer in such [beverages] *malt liquors* in another state, [the seller] *such manufacturer or distributor* in this Commonwealth shall be entitled to a refund of the actual amount of tax paid *by him*, upon condition that the seller in this Commonwealth shall make affidavit that the [beverages] *malt liquors* were so sold and shipped, and that he shall furnish from the purchaser [a written acknowledgment] *an affidavit* that he has received such [beverages] *malt liquors for sale or consumption outside the Commonwealth* and the amount of stamps or crowns thereon, together with the name and address of the purchaser, whereupon the department shall, with the approval of the Board of Finance and Revenue, issue to the seller in this Commonwealth stamps or crowns of sufficient value to cover the refund."

Since we understand that claims for refunds have arisen under the section, both as it was originally enacted and as amended, for the present purpose it is necessary to consider whether the addition of the words "by him", referring to "manufacturer or distributor", after the word "shipped", altered or merely clarified the original intent of the section. We are of the opinion that the words referred to effected no change in the meaning of the section. Under the provisions of the act, malt liquors may lawfully be sold only by manufacturers or distributors. Because of the conjunctive use of the words "sold" and "shipped", it therefore follows that for the purpose of this section the legislature intended that such malt liquors be shipped by the same persons who sold them, namely, the manufacturers and distributors.

Therefore, as a prerequisite to the granting of refunds, the section, both as

originally enacted and as amended, requires that the malt liquors in question be shipped to the buyer in another State by the manufacturer or distributor or their agents. In your request, you have referred to the manufacturer and distributor throughout as the seller, as distinguished from the buyer, and in stating the situations upon which our advice is desired we have adopted your terminology. Those situations are as follows:

I. Where shipment is made in the seller's own trucks or conveyances.

In this case, a refund should be granted to the seller. Actual delivery is made outside the Commonwealth by him.

II. Where shipment is made in trucks or conveyances, other than railroad, leased by the seller under an arrangement which does not constitute the operator an independent contractor or carrier.

Here again actual delivery is made by the lessee, who is undoubtedly the agent of the seller, and a refund should be granted to the seller.

III. Where shipment is made in trucks or conveyances, other than railroad, under circumstances where the operator is either a common carrier or is independently engaged in transporting for hire without any control being exercised over his activities by the buyer.

The verb "ship" is defined by the Century Dictionary and Cyclopedia as follows:

"To deliver to a common carrier, forwarder, express company, etc., for transportation, whether by land or water or both: as, to *ship* by express, by railway, or by stage."

The word "shipped" is defined in 57 C. J. 1150 as follows:

"The natural, and ordinary meaning of the word 'shipped,' in common maritime or mercantile usage, is delivered to a carrier; placed on board of a vessel, for the purchaser or consignee, to be transported at his risk; put on board."

Therefore, if the seller made delivery of the malt liquors, as to which a refund of tax is requested, to a common carrier or to an independent transporter for hire, who is not instructed by the buyer and who is not his agent, the malt liquors have been shipped within the meaning of the act; accordingly, refund of tax should be granted if the other provisions of the section are complied with. It then becomes unnecessary to consider whether or not the carrier or transporter has secured a certificate of public convenience, or a license to operate as a common carrier from the Public Service Commission or from any similar agency of another State. It is only necessary to ascertain whether or not such carrier or transporter is acting under such instructions from the buyer as to constitute him the buyer's agent or employe.

We believe it is immaterial whether the transporter for hire has secured the permit to carry alcoholic beverages required under section 3 of the Act of February 19, 1926, P. L. 16, as amended by the Act of December 8, 1933, P. L. 57. If he has not secured such a permit, it may be that his transporting the malt liquors is illegal but the remedy is not the refusal of a refund to the person delivering the liquors to him for transportation but by a prosecution under the provisions of the statute which requires him to obtain the permit to engage in such transportation.

IV. Where shipment is made by railroad in accordance with instructions contained in the purchase order from the buyer.

A railroad is a common carrier. When malt liquors are delivered to such carrier, they are shipped within the meaning of the act. Therefore, under this situation a refund of tax should be granted as to malt liquors so transported.

V. Where shipment is made by a motor vehicle common carrier in accordance with instructions contained in the purchase order from the buyer.

There is no difference between this situation and the one described under situation four above, and a refund should be granted.

VI. Where shipment is made by an independent contractor or motor vehicle not a common carrier, in accordance with instructions contained in the purchase order from the buyer.

No categorical answer can be made covering all cases falling under this heading. If the contractor is really independent and not under the instructions of the buyer, so as to constitute him the buyer's agent, delivery to him would be a shipment by the manufacturer or distributor, and a refund should be granted. If, however, the carrier or contractor is actually the agent of the buyer and acting under instructions from him, no refund should be granted, because delivery to such carrier would be undistinguishable from delivery to the buyer himself or his employe in this Commonwealth; and shipment in such case would not be made by the manufacturer or distributor but on the contrary by the buyer.

VII. Where shipment is made by motor vehicle common carrier, engaged by the buyer, with no instructions to the seller as to the method of transportation prior to the time of actual sale and shipment.

If the seller delivers malt liquors to a common carrier, such malt liquors are shipped within the meaning of the section, and it is immaterial that the carrier himself has carried or presented the order of the buyer to the seller. The presentation of the order to the seller is not an act of the carrier as a common carrier but is merely an accommodation to the purchaser. The order may and probably will designate the transporter as the carrier, but if he is actually a common carrier, and not the agent of and under instructions from the buyer, shipment by the manufacturer or distributor is made when delivery of the malt liquors is made to him by the seller, and a refund should be granted.

VIII. Where shipment is made by motor vehicle not a common carrier, engaged by the buyer, with no instructions to the seller as to the method of transportation prior to the time of actual sale and shipment.

In this case the operator of the motor vehicle is by definition not a common carrier. He is, obviously, engaged by the buyer and is the buyer's agent. Delivery to such transporter is not shipment by the manufacturer or distributor but is delivery to the agent of the purchaser in Pennsylvania, and subsequent shipment is actually made by the buyer. Therefore, no refund should be granted in this case.

IX. Where shipment is made by seller previously arranged for by buyer, in a truck owned by the buyer which is hired or leased by the seller for the purpose of transporting malt liquors.

When the seller by a bona fide agreement hires or leases the purchaser's equipment for the purpose of the shipment and the making of delivery, the equipment is controlled by the seller. For the time being it may be said to belong to the seller. There is, therefore, no difference between this situation and the one described in situations I and II above, and a refund should be granted in this situation for the same reason.

X. Where shipment is made in buyer's own trucks and conveyances.

No refund should be granted in this case. No shipment is made by the manufacturer or distributor; but delivery of malt liquors is made directly by the seller to the buyer in the Commonwealth of Pennsylvania.

### Conclusion

In conclusion, you are advised that when malt liquors are transported from a point within Pennsylvania to a licensed or regular dealer in such beverages in another State by the manufacturer or distributor, by his agent or by a car-

rier not instructed or controlled by the buyer, the beverages are shipped by the manufacturer or distributor within the meaning of the act, and a refund of tax as to such beverages should be granted to him, provided there is compliance with all the other provisions of the act; but in all other cases, as where the malt liquors are transported by the buyer or an agent acting under his instructions and control, such liquors are not shipped within the meaning of the act by the manufacturer or distributor, and no refund as to them should be granted.                                                   From C. P. Addams, Harrisburg, Pa.